**Fannie JENKINS, Administratrix of the Estate of Herman V. Jenkins, Deceased, Appellant,**

v.

**CALIFORNIA TANKER COMPANY.**

**No. 17406.**

United States Court of Appeals Third Circuit.

Argued Jan. 24, 1969.

Decided Feb. 5, 1969.

Robert C. Daniels, Freedman, Borowsky & Lorry, Philadelphia, Pa., for appellant.

David T. Dana, III, Richards, Layton and Finger, Wilmington, Del., (Rodney M. Layton, Wilmington, Del., on the brief), for appellee.

OPINION OF THE COURT

Before McLAUGHLIN, KALODNER and STAHL, Circuit Judges.

PER CURIAM:

Herman V. Jenkins, a merchant seaman, brought the instant action for damages for alleged personal injuries sustained on December 13, 1961, while employed as a wiper on a vessel owned and operated by the defendant California Tanker Company. The complaint charged unseaworthiness of the vessel under the general maritime law, and negligence under the Jones Act, 46 U.S.C.A. § 688. The District Court, to which the cause was tried without a jury, found that the defendant was not negligent but that its vessel was unseaworthy. It further found that Jenkins only suffered a "glancing blow" to his right shoulder, and that the latter "was not a proximate cause of any of the injuries and maladies complained of in this action, nor, therefore, any of the lost time from work suffered by the plaintiff [seaman], nor any impairment of future earning power." In consonance with the stated fact-finding, the District Court entered judgment in favor of the defendant and against the plaintiff.

On this appeal it is contended that the District Court's fact-finding with respect to the claimed injuries is contrary to the weight of the evidence.

On review of the record we cannot say that the mooted fact-finding is "clearly erroneous" and accordingly the Judgment of the District Court, in favor of the defendant and against the plaintiff, as amended, will be affirmed, each party to bear its own costs.[1]

---

1. The seaman died while this appeal was pending and this Court entered an Order substituting the administratrix of his estate, Fannie Jenkins, as plaintiff. In view of our disposition we do not reach the contention of the defendant that the right of action for unseaworthiness abated upon the seaman's death.